NO. 07-09-0397-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MARCH 10, 2011

 SAMMY PINEDA,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 ___________________________

 FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2008-418,759; HONORABLE JIM BOB DARNELL, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 A jury convicted Sammy Pineda of three counts of aggravated sexual
assault of his stepdaughter. He challenges those convictions by contending
the trial court erred in 1) admitting hearsay evidence, and 2) denying his
challenges for cause to three venire members. We affirm the judgments.
 Issue 1 - Hearsay Evidence
 In his first issue, appellant argues that the trial court abused its
discretion in admitting testimony from Patti Hensley, a school nurse to
whom the victim made an outcry, that appellant had initially denied the
allegations to the child's mother but later admitted them. The issue is
overruled.
 We note that this same evidence came before the jury at other times
without objection. For instance, the victim's mother testified that she
confronted appellant about the allegations and he denied them until she
brought the victim into the room, at which time he admitted touching her
inappropriately. The mother also stated that appellant tried to blame the
victim for his behavior. Furthermore, the victim's grandmother testified
that appellant indicated to her he was guilty. So, any error in the
admission of the evidence was cured when the same evidence came in
elsewhere without objection. Lane v. State, 151 S.W.3d 188, 193 (Tex.
Crim. App. 2004).
 Issues 2 - 4 - Challenges for Cause
 In his remaining issues, appellant complains of the trial court's
failure to grant his challenges for cause to venire members Timothy Gore,
Jeff Butler, and Shanika Johnson. We overrule the issues.
 Appellant had the burden to prove that his challenges for cause were
proper. Gardner v. State, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009),
cert. denied, __ U.S. __, 131 S.Ct. 103, 178 L.Ed.2d 64 (2010).
Furthermore, if a juror cannot consider the full range of punishment, which
was the alleged problem here, he is subject to removal for cause.
Standefer v. State, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001). Yet, before
a potential juror can be removed or struck from the venire, the trial court
must explain to him the law and ask whether he can follow it regardless of
his personal views. Feldman v. State, 71 S.W.3d 738, 747 (Tex. Crim. App.
2002). In other words, the venire member must be able to keep an open mind
with respect to punishment until he hears the evidence. Ladd v. State, 3
S.W.3d 547, 559 (Tex. Crim. App. 1999). And, the mere fact that he cannot
envision a scenario during voir dire in which probation, for example, would
be appropriate, does not render him fatally biased. Id. Simply put, the
venire member's position must be unequivocal for if there is vacillation or
equivocation with respect to his ability to follow the law or consider the
entire range of punishment, then we must defer to the trial court's
judgment or discretion. Brown v. State, 913 S.W.2d 577, 580 (Tex. Crim.
App. 1996); Borders v. State, No. 02-02-0178-CR, 2003 Tex. App. Lexis 5202,
at *3 (Tex. App.-Fort Worth June 19, 2003, no pet.) (not designated for
publication).
 Here, Gore, Butler, and Johnson initially expressed their inability
to consider probation for aggravated sexual assault. However, when the
State presented Gore with a hypothetical of "consensual" sex between a
perpetrator who was seventeen and an aggressive female victim who was
thirteen, Gore conceded that he would "have to hear the facts" although he
again stated it would be difficult to give probation. After more
questioning, he stated that he could consider probation "[i]f the facts are
very, very clear" and "it better be a good case." Finally, upon being
asked by the court whether he would "keep an open mind until you hear all
the evidence, and be able to tell us at this point in time that depending
on the facts of the case that you can give some thought or consideration to
the possibility of probation in addition to the penitentiary," Gore replied
in the affirmative.
 With respect to Johnson and Butler, they both stated at one point
that the only scenario in which they could consider probation was that
scenario described in the State's hypothetical.[1] Butler agreed that the
only way he could make a determination of whether probation was appropriate
was when he heard the evidence in the case. Moreover, when the court
queried whether he understood that he was being asked if there was a
circumstance where he could consider probation, he stated, "Yes, there is."
 Johnson indicated that "something like" the hypothetical posed by the
State would be something she would "consider" for probation. When she was
also asked if she could think of a situation where she could consider
probation as a possible punishment for the offense, she stated, "Yes, sir."

 Whether the venire members in question couched their answers in
relation to the State's hypothetical or not, the answers indicate that
their purported inability to consider probation was not unequivocal. They
could consider it if an appropropriate scenario presented itself (even
though that scenario was not likely present at bar), and that was enough to
insulate the trial court's decision from attack. See Emenhiser v. State,
196 S.W.3d 915, 928 (Tex. App.-Fort Worth 2006, pet. ref'd) (finding the
trial court did not err in denying a challenge for cause when the venire
member said he could not consider probation but also said he could consider
probation); Borders v. State, supra (stating that the trial court did not
err when denying the challenge because the tenor of the responses indicated
that the venire member "would give probation some consideration" even
though the member's comments left little hope to think that would occur in
appellant's favor).

 Accordingly, the judgments are affirmed.

 Brian Quinn
 Chief Justice
Do not publish.

-----------------------
 [1]To the extent that appellant complains that the State's
hypothetical was in essence a "commitment" question, he did not object to
it at trial on that basis. So, that issue was waived.